O’MALLEY, Circuit Judge,
dissenting from the denial of the petition for rehearing en banc.
It is time to revisit and reverse our decision in Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448 (Fed.Cir.1998) (en banc). Because this case presents an appropriate vehicle to do so, and the court’s decision necessarily would change if even minimal deference were afforded to the trial judge’s claim construction, I dissent from the refusal to hear this case en banc.
In Cybor, we held that claim construction is a matter of law reviewed without deference to a district court’s conclusions. Id. at 1455-56. We decided Cybor in the wake of the Supreme Court’s decision to *1374 place claim construction in the hands of judges rather than juries. Markman v. Westview Instruments, Inc., 517 U.S. 370, 372, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996) (“Markman II”). The Supreme Court, however, did not assign the task of claim construction to trial judges because it believed the meaning of patent claims is a pure question of law. Rather, the Supreme Court classified the exercise of claim construction as a “mongrel” practice, involving both legal and factual inquiries. Id. at 378, 116 S.Ct. 1384. The Court simply concluded that, because the Seventh Amendment to the U.S. Constitution did not demand that the issue be decided by a jury and judges were better equipped to address it, claim construction should be placed in the hands of trial judges. Id. at 388-89, 116 S.Ct. 1384. Importantly, the Supreme Court did not affirm this court’s earlier conclusion that resort to a jury was unnecessary because claim construction is a pure question of law. Compare id. at 378, 116 S.Ct. 1384, with Markman v. Westview Instruments Inc., 52 F.3d 967, 977-79 (Fed.Cir.1995) (en banc) (“Mark-man I”). The Supreme Court instead engaged in a detailed historical analysis to determine whether the Seventh Amendment compelled resort to a jury on the unique question of claim construction — an analysis which would have been wholly unnecessary if the Supreme Court agreed with our description of claim construction as a purely legal one. Markman II, 517 U.S. at 378-84, 116 S.Ct. 1384.
Despite this seemingly clear guidance from the Supreme Court, we reiterated in Cybor that our court will treat all claim construction determinations as pure questions of law, reviewable with zero deference. 138 F.3d at 1455-56. That, decision was ill considered thirteen years ago and has not proven “beneficial” to patent jurisprudence “in the long run.” See id. at 1463 (Plager, J., concurring) (“Whether this approach to patent litigation will in the long run prove beneficial remains to be seen.”).
Post-Markman, district judges have been trained to — and do — engage in detailed and thoughtful analysis of the claim construction issues presented to them. They conduct live hearings with argument and testimony, sometimes covering several days, and certainly always extending beyond the mere minutes that courts of appeals have to devote to live exchanges with counsel. Simply, “the trial court has tools to acquire and evaluate evidence that this court lacks.” Cybor, 138 F.3d at 1477 (Rader, J., dissenting). While no one would urge deference to cryptic, unthinking rulings born of little or no real inquiry, where, as here, the trial court has thoroughly vetted all relevant aspects of the claim constructions at issue, “careful consideration of the institutional advantages of the district court would counsel deference.” Id. at 1478. Indeed, the Supreme Court has held that a deferential standard of review is warranted for mixed questions of law and fact “when it appears that the district court is ‘better positioned’ than the appellate court to decide the issue in question .... ” Salve Regina College v. Russell, 499 U.S. 225, 233, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991) (quoting Miller v. Fen-ton, 474 U.S. 104, 114, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985)). See also First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 948, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) (“The reviewing attitude that a court of appeals takes toward a district court decision should depend upon ‘the respective institutional advantages of trial and appellate courts....’” (quoting Salve Regina College, 499 U.S. at 233, 111 S.Ct. 1217)).
*1375 The claim construction on which the resolution of this case turns was vetted by not just one trial judge, but two. The claim term at issue is a syringe’s “body.” Becton Dickinson argues that the term “body” should be limited to a one-piece body; Retractable Technologies argues that the construction should allow for a multiple-piece body. Before reaching this court, the construction of that term had been debated by multiple lawyers and had been considered by two district judges. In a prior case involving some of the patents in suit here, Judge Leonard Davis of the Eastern District of Texas construed the term “body” to allow for multiple pieces. Retractable Techs., Inc. v. New Medical Tech., Inc., No. 4:02-cv-34, 2004 WL 435054, Claim Constr. Order at 8-9 (ECF No. 110) (E.D.Tex. Mar. 8, 2004). Judge Davis had the benefit of a live claim construction healing and extensive briefing from the parties before he construed the claim term. Judge David Folsom, also of the Eastern District of Texas, presided in this case. Judge Folsom again conducted a live claim construction hearing after briefing from the parties. Judge Folsom ultimately agreed with Judge Davis’s construction of the term “body” in the prior case and applied it here. Retractable Techs., Inc. v. Becton Dickinson & Co., No. 2:07-cv-250, Claim Constr. Order at 6 (ECF No. 122) (E.D.Tex. Jan. 20, 2009). The parties proceeded to trial on that claim construction. The jury found that both of Becton Dickinson’s accused syringes infringed the asserted claims. When the panel reversed Judge Folsom’s claim construction, it upended the jury verdict and set aside the product of years of litigation before two judicial officers. In other words, the decision here did not promote the consistency and uniformity in patent law that Cybor was intended to foster; the decision here accomplished the opposite.
Unlike Judge Moore, I do not criticize the panel majority for its legal analysis. The majority adhered to the broad principles of claim construction set forth in Phillips v. AWH Corp., 415 F.3d 1303 (Fed. Cir.2005), and reached a different conclusion than the trial judge. Because Cybor prohibits deference to lower court determinations regarding claim construction, the majority had no reason to question its right to reach an entirely independent decision on the construction of this critical claim term. Indeed, but for my belief that Cybor was wrongly decided, I would not urge en banc in this case even if I would have applied Phillips differently than the majority. The fact, however, that the panel members could not agree on the proper claim construction in this case, despite careful consideration of their respective obligations under Phillips, underscores the complicated and fact-intensive nature of claim construction and the need to rethink our approach to it.
In the majority opinion, Judge Lourie writes:
There is a fine line between construing the claims in light of the specification and improperly importing a limitation from the specification into the claims. In reviewing the intrinsic record to construe the claims, we strive to capture the scope of the actual invention, rather than strictly limit the scope of claims to disclosed embodiments or allow the claim language to become divorced from what the specification conveys is the invention.
Retractable Techs., Inc. v. Becton, Dickinson & Co., 653 F.3d 1296, 1305 (Fed.Cir. 2011) (citations omitted). An exercise that requires review of often extensive documentary evidence and, in some cases, expert evidence for purposes of “capturing the scope of the actual invention” sounds *1376 tellingly like a factual inquiry, not a legal one. The fact that this inquiry is to be undertaken from the point of view of one skilled in the art at the time of the invention, moreover, underscores this conclusion. Where, as here, there is fair debate about the scope of the invention after applicátion of Phillips’s principles, we should defer to reasoned district court choices. Reasonable minds can — and do — differ over the correct interpretation of the term “body” as used in the patent in suit. These are not the circumstances under which we should be reversing carefully reasoned claim constructions and putting aside years of litigation in the process.
Five active judges of this court have already expressed a desire to revisit Cybor. See Amgen Inc. v. Hoechst Manon Roussel, Inc., 469 F.3d 1039 (Fed.Cir. 2006). I join in that desire. The author of the majority opinion in this case has said that “we ought to lean toward affirmance of a claim construction in the absence of a strong conviction of error.” Phillips, 415 F.3d at 1330 (Fed.Cir.2005) (Lourie, J., dissenting). I agree.
It is time we stop talking about whether we should reconsider the standard of review we employ when reviewing claim construction decisions from district courts; it is time we do so.